IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROMONA KENNARD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-151-L-BT** |
| | § | |
| **JOE FISH,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On January 27, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court **deny** Romona Kennard's ("Plaintiff" or "Ms. Kennard") Motion for Leave to Proceed *In Forma Pauperis* ("Application") (Doc. 4) and **dismiss with prejudice** this action. No objections have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report as that of the court.

The Report reasons that Plaintiff's Complaint should be dismissed as frivolous because:

> A review of Kennard's filing reflects that it presents allegations that qualify as clearly baseless, irrational, or wholly incredible. The only borderline decipherable allegation that the Court can make out is a broad and context-lacking allegation that "mountain bikes are not available" to gay or lesbian "travelers." *See* Compl. at 1. But Kennard does not attribute this lack of mountain bikes to any person or entity or explain how it affects her, if it does at all. Kennard's complaint is frivolous and should be dismissed with prejudice.

Report 3.

As the magistrate judge stated, "[t]hese findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords an opportunity to respond."

Report 2 (citations omitted). Further, the time to object provides an opportunity for Plaintiff to request leave to amend and inform the court how she would amend to state a claim upon which relief could be granted. Plaintiff did neither one.

Finally, Plaintiff has been warned previously that "if she persists in filing frivolous, baseless, or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action." *Kennard v. Fire Truck*, No. 3:21-cv-1569-G-BK, Doc. 12 (N.D. Tex. Aug. 21, 2021). To date, Plaintiff has filed *at least* 20 other cases. Because of her litigious nature and history of frivolously filing cases, the court determines that Plaintiff should be **barred** from filing future actions without obtaining leave of court.

Having considered Plaintiff's pleadings, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action and claims by Ms. Kennard. Moreover, the court **directs** the clerk of the court to term all pending motions. **Further, the court directs the clerk of the court not to accept any future actions from this Plaintiff unless she first obtains leave from a district or magistrate judge.**

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of

the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

    **It is so ordered** this 28th day of February, 2025.

                                          Sam A. Lindsay
                                          United States District Judge